UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PHILIP SPELTA, on behalf of himself and all
others similarly situated,

                Plaintiff,

-vs-                                                Case No.  2:10-cv-379-FtM-29SPC

BUILDING SYSTEMS EVALUATION, INC., a
Florida Profit Corporation, RANDOLPH
WIGGINS, Individually ,

                Defendants.
_____

**<u>ORDER</u>**

        This matter comes before the Court on Joint Report Regarding Settlement (Doc. #18) filed on February 14, 2011. The parties indicate a settlement has been reached with respect to the Plaintiff's claims.

        The parties are required to provide the Court with sufficient information regarding the settlement in order for the Court to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.  <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1354-55 (11th Cir. 1982).   Therefore, the parties should submit a Joint Motion to Approve the Settlement with the settlement documents.  The information should include a copy of the settlement agreement signed by all parties, a brief description of the terms of the settlement, the number of hours and lost wages originally claimed by the Plaintiff and whether or not the Plaintiffs claims were settled by compromise.

With regard to attorney's fees, the Court recognizes the ruling in Bonetti v. Embarq. Mgmt. Co., 2009 WL 2371407 (M.D. Fla. Aug. 2009)[1]. Counsel should indicate whether the settlement of the attorney's fees was independent and in seriatim in order to forego the necessity to file copies of billing records with their settlement documentation.

To date, the parties have not filed the Settlement documentation within the time frame indicated in the Notice of Settlement. Therefore, the parties are directed to file the Settlement documentation as outlined below.

Accordingly, it is now

**ORDERED:**

The Joint Report Regarding Settlement (Doc. #18) is **taken under advisement.** The parties shall have up to and including **MARCH 18, 2011**, to submit their settlement documentation

**DONE AND ORDERED** at Fort Myers, Florida, this ___10th___ day of March, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

---

[1] The Bonetti Court held if the Plaintiff's recovery and attorney's fees were settled independently of the Plaintiff's claims, there would be no need to file the attorney's billing records unless the fees were out of line compared with the settlement agreement. Thus, the award of attorney's fees and costs would no longer require approval using the lodestar approach.