UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PHILIP SPELTA, on behalf of himself and all
others similarly situated,

                Plaintiff,

-vs-                                        Case No. 2:10-cv-379-FtM-29SPC

BUILDING SYSTEMS EVALUATION, INC., a
Florida Profit Corporation, RANDOLPH
WIGGINS, Individually ,

                Defendants.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

       This matter comes before the Court on the Joint Motion for Approval of Proposed Settlement Agreement (Doc. #20) filed on March 10, 2011. The Parties indicate they have reached a settlement of the Plaintiff's claims against the Defendant and seek approval of the agreement.

       This case was brought under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et. seq.* The Parties have reached a settlement agreement and seek court approval of that agreement. In Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-1355 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-3. The first is under 29 U.S.C. §216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. §216(b) when an action is brought by

employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

In this case, the settlement agreement provides for the Defendants' collective payment of $4,000.00 to the Plaintiffs. Plaintiff Spelta is to receive $700.00, Plaintiff Brugger is to receive $670.00, Plaintiff Trout is to receive $670.00 and $1,960.00 represents attorneys fees and costs payable to the law firm of Berke & Lubell, P.A.[1]

The Plaintiff agrees the settlement figure was entered into knowingly and voluntarily, after having the opportunity to fully discuss it with his attorney. Because the Parties inform the Court that they have agreed to the terms of the settlement after they were counseled by their respective

---

[1] The Law Firm of Berke and Lubell, P.A., state the total number of attorney hours expended on the case at the time of settlement were 16.7. (2.3 hours for attorney Bill Berke at an hourly rate of $375.00; 5 hours for attorney Patrick Javier at a rate of $300). The total number of paralegal hours were 9.2 at an hourly rate of $125.00. The total number of costs in the case were $545.73. The total attorneys fees and costs sought were $4008.23. During settlement negotiations, the fees and costs were reduced to a total of $1,960.00.

attorneys and the settlement was the result of an arms-length compromise, the Court concludes that the proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

The Joint Motion for Approval of Proposed Settlement Agreement (Doc. #20) should be **GRANTED** and the settlement agreement should be **APPROVED** by the District Court. It is further respectfully recommended the case should be **DISMISSED with Prejudice** pursuant to the agreement of the Parties and the Clerk should be directed to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended at Fort Myers, Florida, this   11th   day of March, 2011.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record